B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF DERECKTOR SHIPYARDS CONN., LLC on behalf of DERECKTOR SHIPYARDS CONN., LLC | **DEFENDANTS**<br>DERECKTOR HOLDINGS, INC. and DERECKTOR GUNNELL, INC. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Robert A. White and Meredith C. Burns<br>Murtha Cullina LLP<br>CityPlace I-185 Asylum Street, Hartford, CT 06103<br>Tele: 860-240-6000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to determine entitlement to proceeds of sale of property; avoidance and subordination.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☒ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ Approximately $1,000,000.00 |
| Other Relief Sought | |

American LegalNet, Inc.
www.FormsWorkflow.com

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>DERECKTOR SHIPYARDS CONN., LLC | BANKRUPTCY CASE NO.<br>12-50103(AHWS) |
| DISTRICT IN WHICH CASE IS PENDING<br>Bridgeport | DIVISION OFFICE | NAME OF JUDGE<br>Alan H.W. Shiff |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| [signature: Robert White] ||
| DATE<br>1/16/14 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert A. White - ct08277 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT DIVISION)

| | |
|---|---|
| In re | (Chapter 11) |
| DERECKTOR SHIPYARDS CONN., LLC., | CASE NO. 12-50103 (AHWS) |
| Debtor. | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF DERECKTOR SHIPYARDS CONN., LLC on behalf of DERECKTOR SHIPYARDS CONN., LLC, | ADVERSARY PROCEEDING NO. |
| Plaintiff, | |
| v. | |
| DERECKTOR HOLDINGS, INC. and DERECKTOR GUNNELL, INC., | |
| Defendants. | |

## ADVERSARY PROCEEDING

JURISDICTION

    1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    2.    On January 20, 2012 ("Petition Date"), Derecktor Shipyards Conn., LLC (the "Debtor"), a Delaware limited liability company, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

## PARTIES

3. The Plaintiff is the Official Committee of Unsecured Creditors of Derecktor Shipyards Conn., LLC ("Committee" or "Plaintiff") appointed by the Office of the United States Trustee on February 16, 2012. Pursuant to an order of this Court, the Committee is authorized to prosecute this action in the name of the Debtor.

4. The defendant, Derecktor Holdings, Inc. ("DHI"), is a New York corporation with a principal place of business in Mamaroneck, New York. DHI is the managing member of the Debtor and, upon information and belief, the holder of 100% of the membership interests of the Debtor.

5. The defendant, Derecktor Gunnell, Inc. ("Gunnell"), is a Florida corporation and is an affiliate of the Debtor with a principal place of business in Dania Beach, Florida.

6. The Debtor and Gunnell are subsidiaries of DHI. The Debtor and the Defendants are controlled by Paul Derecktor.

## BACKGROUND

7. The Debtor was formerly one of the leading custom boat builders in the world.

8. On or about May 31, 2005, the Debtor entered into a lease for a certain travel lift ("Lease") with M2 Lease Funds LLC ("Leasing Company").

9. The defendant DHI guaranteed the Debtor's obligations under the Lease (the "Guaranty").

10. On July 18, 2008, the Debtor filed a petition for reorganization under Chapter 11 of the United States Bankruptcy Code (the "First Chapter 11").

2

11. On April 14, 2010 this Court confirmed the Debtor's First Modified Second Amended Plan of Reorganization (the "Plan") in the First Chapter 11. The Plan became effective in August, 2010.

12. Under the Plan, DHI was required to contribute or cause to be contributed $2,000,000 cash less amounts expended by Insiders and/or Affiliates on improvements to the Dry Dock (Plan, ¶ 4.7).

13. In May, 2011 the Leasing Company commenced an action in state court in Wisconsin against the Debtor and DHI, as guarantor, for failure to make payments under the Lease.

14. To resolve the lawsuit, DHI, the guarantor, caused its subsidiary, Gunnell, to enter into a restructured lease with the Leasing Company dated June 20, 2011 (the "Restructured Lease").

15. The purported effect of Gunnell's entry into the Restructured Lease was to transfer the Debtor's rights in the Lease and/or Travel Lift to Gunnell, DHI's subsidiary, in satisfaction of DHI's existing obligations under its guaranty ("Transfer"). The Debtor's rights under the Lease included the right to negotiate an extension of the Lease under more favorable terms.

16. At the time of the Transfer, the Debtor had paid in excess of $1,400,000 under the Lease. The original purchase price of the Travel Lift was $1,698,000.

17. Under the Restructured Lease, the term of the original Lease was extended and the purchase option on termination was significantly reduced. Upon entry into the Restructured Lease, Gunnell immediately had equity in the Lease and Travel Lift.

18. DHI negotiated the terms of the Restructured Lease on behalf of the Debtor in bad faith and in violation of its duties of loyalty and care to the Debtor.

19. In late 2011, shortly after the Transfer, the Debtor ceased operations.

20. Upon information and belief, prior to the Petition Date DHI/Gunnell had paid approximately $152,000 under the Restructured Lease.

21. After the Petition Date, DHI/Gunnell continued to make payments under the Restructured Lease.

22. Gunnell is the alter ego of DHI.

23. As a matter of equity Gunnell's execution of the Restructured Lease should be considered the act of DHI, its parent.

24. On November 14, 2013, the Court entered an order (Doc. I.D. No. 357) ("Sale Order") authorizing the Debtor and Gunnell to sell their interests in the Travel Lift to a third party ("Sale") free of liens, claims and interest and authorizing payment to the Leasing Company of the balance due under the Lease. The final purchase price was $1,600,000.

25. The Debtor and the Defendants agreed to escrow the net proceeds from the Sale after payment of certain expenses to the broker, the Bridgeport Port Authority and counsel ("Proceeds") pending resolution by this Court of the Debtor's interest in the Travel Lift and the Proceeds.

26. On August 27, 2013 the Court approved the agreement of the parties, that DHI would be reimbursed from the Proceeds for all payments it made under the Restructured Lease from August, 2013 until October, 2013 ("Agreed Reimbursement").

COUNT ONE (Recharacterization)

27. The Plaintiff repeats the allegations of paragraphs 1-26.

28. The purported Restructured Lease between Gunnell and the Leasing Company was nothing more than satisfaction of DHI's obligations under the Guaranty.

29. Accordingly, no interest of the Debtor in the Restructured Lease was ever transferred.

30. All payments made by DHI/Gunnell under the Restructured Lease were in satisfaction of DHI's obligation under its original Guaranty.

31. The Debtor is entitled to the Proceeds subject to the rights of the Defendants as guarantors.

COUNT TWO (Preference – 11 U.S.C. §§ 547 and 550)

32. The Plaintiff repeats the allegations in paragraphs 1-26.

33. To the extent there was a transfer, the Transfer was of an interest of the Debtor in property.

34. The Transfer was on account of an antecedent debt made by Gunnell and/or its parent DHI to the Debtor.

35. The Transfer was made while the Debtor was insolvent.

36. The Transfer permitted Gunnell and DHI to receive more than they would have received if (a) the Debtor's case was one under Chapter 7; and (b) the Transfer had not been made.

5

37. DHI and Gunnell were insiders at the time of the Transfer.

38. The Transfer was made to or for the benefit of an insider within two years of the Petition Date.

39. The Plaintiff is entitled to avoid the Transfer and to recover the Proceeds pursuant to 11 U.S.C. §§ 547 and 550.

COUNT THREE (Constructive Fraudulent Transfer – 11 U.S.C. § 548)

40. The Plaintiff repeats the allegations of paragraphs 1-26.

41. The Transfer was made within two years of the filing date.

42. At the time of the Transfer the Debtor was insolvent or became insolvent as a result.

43. At the time of the Transfer the Debtor was engaged in business for which the Debtor had an unreasonably small capital to continue.

44. The Debtor received less than reasonably equivalent value for the Transfer.

45. The Transfer constitutes a constructively fraudulent transfer and should be avoided pursuant to 11 U.S.C. § 548(a)(1)(B) and is recoverable from the Defendants pursuant to 11 U.S.C. § 550(a).

COUNT FOUR (Intentional Fraudulent Transfer – 11 U.S.C. § 548)

46. The Plaintiff repeats the allegations in paragraph 1-26.

47. To the extent there was a Transfer, it was made with the Debtor's actual intent to hinder, delay and defraud creditors of the Debtors.

48. The Transfer was made while the Debtor was insolvent or became insolvent as a result.

49. At the time of the Transfer, the Debtor was engaged in business for which the Debtor had unreasonably small capital to continue.

50. The Transfer was made to an affiliate of the Debtor.

51. The Transfer should be avoided pursuant to 11 U.S.C. § 548 and the Debtor is entitled to the Proceeds pursuant to 11 U.S.C. § 550.

COUNT FIVE (Constructive Fraudulent Transfer – 11 U.S.C. § 544, Conn. Gen. Stat. § 552(e)(2))

52. The Plaintiff repeats the allegations of paragraphs 1-26.

53. The Debtor did not receive a reasonably equivalent value in exchange for the Transfer.

54. The Transfer was made when: (a) the Debtor was engaged, or was about to engage, in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; and/or (b) the Debtor intended to incur, or believed or reasonably should have believed that they would incur debts beyond its ability to pay as they became due; and/or the Debtor was insolvent or became insolvent as a result of the Transfer.

55. The Transfer constitutes fraudulent transfer within the meaning of, and in violation of, the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §§ 52-552e(a)(2) and/or 52-552f(a).

56. As a direct and proximate result of the Transfer, the Debtor, its estate and creditors have been caused to suffer money damages.

57. At all times relevant to the Transfer, there have been creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that

were and are allowable under Section 502 of the Bankruptcy Code or that were and are not allowable only under Section 502(e).

58. The Plaintiff is entitled to avoid the Transfer, to have it set aside and to recover the Transfer, or the value thereof, pursuant to Conn. Gen. Stat. §§ 52-552e(a), 52-552f(a) and 52-552h(a) from the Defendants.

COUNT SIX (Intentional Fraudulent Transfer – 11 U.S.C. § 544;
Conn. Gen. Stat. § 52-552(e)(i))

59. The Plaintiff repeats the allegations of paragraph 1-26.

60. The Transfer was made with the Debtor's actual intent to hinder, delay or defraud the Debtor's creditors.

61. The Transfer was made when: (a) the Debtor was engaged, or was about to engage, in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; and/or (b) the Debtor intended to incur, or believed or reasonably should have believed that they would incur debts beyond its ability to pay as they became due; and/or the Debtor was insolvent or became insolvent as a result of the Transfer.

62. The Transfer constituted fraudulent transfers within the meaning of, and in violation of, the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. § 52-522e(a)(1).

63. As a direct and proximate result of the Transfer, the Debtor, its estate and its creditors have been caused to suffer money damages.

64. At all times relevant to the Transfer, there have been creditors who have held and still hold matured or unmatured unsecured claims against the Debtor that were and are allowable under Section 502 of the Bankruptcy Code or that were and are not allowable only under Section 502(e).

65. The Plaintiff is entitled to avoid the Transfer, to have it set aside and to recover the Transfer, or the value thereof, pursuant to 11 U.S.C. § 544(b)(1) and 550(a) and 551, Conn. Gen. Stat. § 52-552e(a)(1), 52-552h(a).

COUNT SEVEN (Equitable Subordination)

66. The Plaintiff repeats the allegations of paragraphs 1-26.

67. Through the negotiation and assumption of the Restructured Lease the creditors of the Debtor were harmed.

68. The negotiation and assumption of the Restructured Lease provided an unfair benefit to insiders of the Debtor.

69. The Defendants engaged in inequitable conduct in that, among other things, DHI negotiated the terms of the Restructured Lease in bad faith and in breach of its fiduciary duties to the Debtor.

70. The negotiation and assumption of the Restructured Lease occurred at a time when the Debtor was undercapitalized.

71. Accordingly, the Defendant's claim to the Proceeds, and any claim with respect to DHI's guaranty, should be equitably subordinated to the claims of unsecured creditors.

COUNT EIGHT (Declaratory Judgment)

72. The Plaintiff repeats the allegations of paragraphs 1-71.

73. The Court should declare the rights of the Plaintiff and Defendants as follows:

    (a) No transfer of the Debtor's interest in the Travel List occurred or, if it did, such transfer should be avoided pursuant to 11 U.S.C. §§ 544, 547, 548 and 550;

(b) The Proceeds be distributed to costs of sale in accordance with the Sale Order and the Agreed Reimbursement; i.e. (i) the broker's fee; (ii) storage costs to the BPA of $45,000 pursuant to an order of the Court dated September 3, 2013; (iii) fees of Debtor's counsel related to the Sale; and (iv) the Agreed Reimbursement;

(c) The remainder of the Proceeds to be distributed to the estate; and

(d) DHI holds a claim for payments made under the Restructured Lease through September, 2013 that is subordinated to that of the unsecured creditors.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an order:

(a) declaring that no Transfer was made;

(b) in the alternative avoiding the Transfer;

(c) awarding the Debtor the proceeds of the Sale after the costs of sale;

(d) finding that DHI has a claim for payments made under the Restructured Lease through September, 2013 subordinated to that of the unsecured creditors; and

(e) for such other and further relief as is just.

Dated at Hartford, Connecticut, this 16th day of January, 2014.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By   /s/ Robert A. White
     Robert A. White - ct08277
     rwhite@murthalaw.com
     Meredith C. Burns – ct27544
     mcburns@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: 860.240.6000
Facsimile: 860.240.6150
Its Attorneys

4910965.1